IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JUSTIN FORD THOMPSON,**                     1:13-cv-02042- RE

                  Plaintiff,                     **OPINION AND ORDER**

        v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

             Defendant.


**REDDEN**, Judge:

    Plaintiff Justin Thompson brings this action to obtain judicial review of a final decision

of the Commissioner of the Social Security Administration ("Commissioner") denying his claim

for child's insurance benefits under Title II of the Social Security Act.  42 U.S.C. §§ 401-34.  For

the reasons set forth below, the decision of the Commissioner is affirmed  and this matter is

dismissed.


1  - OPINION AND ORDER

## BACKGROUND

Thompson filed his application in February 2010, alleging disability since January 1, 2010, due to Asperger's syndrome, depression, and social anxiety disorder.  Tr. 74.  Thompson was 18 years old on his alleged onset date.  His application was denied initially and upon reconsideration.  A hearing was held on February 8, 2012.  Tr. 38-73.  The Administrative Law Judge ("ALJ") found him not disabled.  Thompson's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Thompson had the medically determinable severe impairments of anxiety disorder, not otherwise specified; Asperger's disorder by history; and a history of depression. Tr.  23-24.

The ALJ found that Thompson's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1.  *Id.*

The ALJ determined that Thompson retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with non-exertional, mental limitations, including limitation to simple, repetitive tasks, he cannot perform work that requires working in concert with others in order to perform the job duties, and he cannot perform work that requires public contact.  Tr. 26-31.

At step five, the ALJ found Thompson was capable of performing other work that exists in significant numbers in the national economy.  Tr. 31-32.

Thompson argues that the ALJ erred by: (1)  finding him not fully credible; (2) failing to properly consider the medical evidence; (3) improperly rejecting lay testimony.

## DISCUSSION

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes

only two requirements on the claimant: (1) she must produce objective
medical evidence of an impairment or impairments; and (2) she must
show that the impairment or combination of impairments *could
reasonably be expected to* (not that it did in fact) produce some degree
of symptom.

Plaintiff testified the primary reason he is unable to work is social anxiety. Tr. 44. He

stated he gets nervous around people, and has been prescribed Paxil, but it doesn't make him feel

any different. *Id.* He has had some counseling but stopped because he couldn't afford it.

Counseling helped a little. Tr. 46. Asked whether he has any friends, Plaintiff testified "[n]ot

really." *Id.* Plaintiff testified that he did not engage in social activities in school, and was not in

sports or clubs. Tr. 47.

Plaintiff stated that he had problems concentrating, understanding and remembering, and

stated "I tend to get distracted easily and sometimes I just can't really understand things." Tr. 47.

He described a normal day, saying "I normally just wake up, eat, watch TV and listen to music

pretty much." Tr. 48. He rises around 9 or 10:00, cares for his daily needs, does his laundry,

cleans up, and prepares his own meals sometimes. *Id.* He leaves the house on his own "not very

often," but will walk around the neighborhood or go to the store. He does not drive. He did take

a bus by himself to Utah to visit family friends. Tr. 50.

The ALJ found Plaintiff's medically determinable impairments could be expected to

cause some of the alleged symptoms, but that his statements regarding the intensity, persistence,

and limiting effects of those symptoms were not credible to the extent they are inconsistent with

the residual functional capacity finding. Tr. 27.

The ALJ found Plaintiff's claims inconsistent with the objective data and clinical

findings. *Id.* In assessing credibility the ALJ may consider "testimony from physicians and third

parties concerning the nature, severity, and effect of the symptoms of which [the claimant] complains." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ noted that Plaintiff's Asperger's syndrome diagnosis is based "on little more than an oft-repeated opinion of a single doctor-whose records of testing and treatment, if any, I am unable to find...." Tr. 27. T

The ALJ cited the February 2010 Treatment Plan from Jackson County Mental Health, in which Plaintiff reported "depression messes with me more than Asperger's," and Tamara Ulrey, MSW, QMHP, diagnosed Asperger's Disorder "[e]videnced by impairment of social interaction ie nonverbal communication, non age appropriate peer relations, lack of emotional reciprocity. Repetitive behaviors that are intense in nature, awkward gait, and preoccupation with parts of objects." Tr. 27-28, 409. The ALJ noted there was no "consistent mention of this extent of symptoms elsewhere in the record." Tr. 28.

Regarding Plaintiff's anxiety, the ALJ cited a February 2010 chart note recording that Plaintiff denied anxiety, and a March 2011 chart note in which Plaintiff denied anxiety. Tr. 28, 381, 439.

The ALJ noted Plaintiff's April 2010 report to consulting examiner Michael R. Villanueva, Psy.D., A.B.P.P.-C.N. that he is able to make friends and enjoys being with friends, though he sometimes has trouble talking to people. Tr. 421. Dr. Villanueva found "[n]o clear indications of a pervasive developmental disorder such as Asperger's," and diagnosed Social Anxiety Disorder-Generalized. Tr. 28, 424-25.

The ALJ identified clear and convincing reasons to find Plaintiff less than fully credible as to his limitations. On this record, the ALJ's credibility determination is supported by substantial evidence.

## II. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues the ALJ inadequately evaluated the opinion of treating physician Jon Van Valkenburg, M.D. Dr. Van Valkenburg completed a Mental Impairment Questionnaire in March 2011. Tr. 441-44. He treated Plaintiff from February 2001 until 2010, and diagnosed Social Phobia, Depression, and Asperger's Disorder. Tr. 441. Dr. Van Valkenburg prescribed Zoloft from 2002-2009, which improved Plaintiff's mood, anxiety, and function. Dr. Van Valkenburg endorsed multiple symptoms and signs, and checked boxes indicating Plaintiff was extremely limited in maintaining social function and in concentration, persistence, and pace, and would have four or more episodes of decompensation within a 12 month period. Tr. 443. The doctor indicated Plaintiff could not function outside a highly supportive living arrangement, and that his impairments would cause him to miss more than four days of work each month. Tr. 444.

The ALJ noted Dr. Van Valkenburg's opinion, and stated he was unable to give it great weight. Tr. 28. The ALJ cited the fact that Dr. Van Valkenburg's assessments were not

supported by any significant formal testing data, nor were they supported by the doctor's own treatment notes, which indicated Plaintiff's symptoms were generally well managed with medication and other care. *Id.* The ALJ properly noted that Dr. Van Valkenburg's opinion is contradicted by Dr. Villanueva's opinion. Tr. 28, 425. The only testing related to Plaintiff's depression was the October 2009 Beck Depression Inventory score, which reflects Plaintiff's subjective interpretation of his symptoms. Tr. 378-80. Plaintiff's score indicated depression on the low end of moderate, which does not support Dr. Van Valkenburg's endorsement of extreme limitations. Tr. 378, 443.

The ALJ properly noted that Dr. Van Valkenburg's opinion is contradicted by the opinion of examining consultant Michael O' Connell,Ph.D. Tr. 29. Dr. O'Connell examined Plaintiff in February 2006, and opined that Plaintiff would "develop functional skills to cope with his anxieties and introverted social style in an environment which places some challenges before him," and assessed a Global Assessment of Functioning score of 65, which indicates some mild symptoms. Tr. 364.

The ALJ properly noted that Drs. Vaillanueva and O'Connell are mental health specialists, but Dr. Van Valkenburg is not. Tr. 28. "[T] opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist." *Smolen v. Chater,* 80 F.3d 1273, 1285 (9ith Cir. 1996)(*citing* 20 C.F.R. § 404.1527(d)(5)).

Accordingly, on this record, the ALJ's evaluation of Dr. Van Valkenburg's opinion was reasonable, supported by substantial evidence, and free of legal error.

### III. Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); 404.1545(a)(3); 416.945(a)(3); 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512. The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible, especially when the lay testimony repeats the limitations expressed in the claimant's testimony. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ noted the lay testimony conflicted with the medical evidence and were based on Plaintiff's assertions found not fully credible. The ALJ's determination to discount the lay testimony was therefore reasonable and supported by substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is based upon the correct legal standards and supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 1/7th day of September, 2014.

JAMES A. REDDEN
United States District Judge